UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOEL K. BANGO,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTHEW MASSING,<br><br>          Defendant. | No. 20-cv-1874 (NLH) (JS)<br><br><br>OPINION |

APPEARANCE:

Noel K. Bango
0189489
Main Detention Center
3228 Gun Club Rd.
P.O. Box 24716
West Palm Beach, FL 33416

     Plaintiff Pro se

HILLMAN, District Judge

     Plaintiff Noel K. Bango, a prisoner presently confined in West Palm Beach, Florida, moves to amend his complaint filed under 42 U.S.C. § 1983.  See ECF No. 13.  He also seeks a preliminary injunction requiring Officer Massing to send certain video tapes to Plaintiff for use in his criminal trial, ECF Nos. 4 & 6, and an emergency motion for release, ECF No. 14.

     At this time, the Court must review the second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or

1

because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will grant the motion to amend and permit the second amended complaint to proceed in part.  The motions for a preliminary injunction and for emergency release will be denied.

I.   BACKGROUND

Plaintiff's original complaint was filed on February 21, 2020.  ECF No. 1.  On March 16, 2020, Plaintiff moved to amend his complaint to add more defendants.  ECF No. 10.  In May 2020, Plaintiff filed his second amended complaint, dropping the newly added defendants because he is pursuing his claims against them in the Southern District of Florida.  ECF Nos. 12 & 13.

Plaintiff, an African American male, is a registered sex offender.  ECF No. 13 at 23.  On or about February 18, 2019, Deptford Police Officer Massing took two DNA swabs from Plaintiff during the registration process.  Id.  Officer Massing later falsified records stating he took the DNA swabs from Plaintiff on October 15, 2018.  Id.  Defendant Timothy Parks "deliberately signed the notarized fabricated examplars warrant [sic], although Parks had knowledge and information that [Officer Massing] and Parks never met [Plaintiff] prior to February 2019."  Id. at 23-24.

Plaintiff alleges that Officer Massing fabricated a State of New Jersey DNA Data Bank Specimen Submission Form by removing

Plaintiff's fingerprints from his 2019 registration form and "tap[ing] it to the bottom left side of the specimen form then copies it and filled it out with his signature." Id. at 25. Plaintiff further alleges that Officer Massing fabricated evidence that he sent Plaintiff's DNA swabs to Florida on October 18, 2018 as well as a warrant application that stated Plaintiff registered with Officer Massing in October 2018. Id. Plaintiff denies that he registered with Officer Massing in October 2018. Id.

A March 11, 2019 report matched Plaintiff's DNA to a sexual assault kit conducted during an investigation into a 1992 sexual assault in Florida. Id. Plaintiff was extradited to Florida and arrived there "in good health." Since arriving in Florida on November 9, 2019, his hemoglobin levels have decreased and has constant pain in his right foot and right pinky finger. Id. at 26.

Plaintiff alleges that Officer Massing and Detective Parks discriminated against him on the basis of race and deprived him of due process by fabricating evidence against him. Id. at 26. He also alleges Officer Massing denied him of his right to obtain a bond in New Jersey before being extradited to Florida. He also states the DNA swabs were taken without a warrant and that he experienced cruel and unusual punishment during his transport to Florida. Id.

3

II.   STANDARD OF REVIEW

     Section 1915A requires a court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b).  This action is subject to sua sponte screening for dismissal under § 1915A because Plaintiff is a prisoner seeking redress from a government employee.

     To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

4

III.  <u>DISCUSSION</u>

A.    <u>Motion to Amend</u>

    First, the Court must determine which of the three
complaints submitted by Plaintiff is the operative pleading.
Plaintiff submitted an amended complaint on March 23, 2020
adding claims against two Florida state officials for their
roles in the alleged fabrication of charges against Plaintiff.
ECF No. 10.  A party has the right to amend his or her "pleading
once as a matter of course" 21 days after service of the
pleading or 21 days after a motion under Rule 12 is filed,
whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  The Court had
not screened the original complaint and ordered service at the
time the amended complaint was submitted; therefore, Plaintiff
was entitled to amend his complaint.  This does not end the
Court's analysis because Plaintiff subsequently filed his second
amended complaint, ECF No. 13.

    After amending the complaint as a matter of course,
Plaintiff may only amend the complaint further with the opposing
party's written consent or by leave of Court.  Fed. R. Civ. P.
15(a)(2).  No opposing party has entered an appearance, so
Plaintiff needs permission of the Court to amend the complaint.
"The court should freely give leave when justice so requires."
Fed. R. Civ. P. 15(a)(2).  The Court sees no reason to deny
leave to amend; therefore, Plaintiff's motion to amend the first

5

amended complaint is granted.  ECF No. 13.  The second amended
complaint is the operative pleading.

B.    <u>Section 1915A Review</u>

     In the second amended complaint, Plaintiff alleges that
Officer Massing and Detective Parks discriminated against him
because he is an African American man and the Defendants are
white.  He states Defendants' fabrication of evidence deprived
him of his Fourteenth Amendment due process rights.  He also
states Officer Massing deprived him of his right to obtain a
bond before being extradited to Florida and of his First,
Fourth, Sixth, and Eighth Amendment rights by failing to get a
warrant for the DNA swabs and depriving him of the right to
counsel.  Plaintiff also asserts the conditions of the
transportation from New Jersey to Florida violated the Eighth
Amendment.  ECF No. 13 at 26.

     1.    <u>Racial Discrimination</u>

     "The Equal Protection Clause of the Fourteenth Amendment
commands that no State shall 'deny to any person within its
jurisdiction the equal protection of the laws,' which is
essentially a direction that all persons similarly situated
should be treated alike."  <u>City of Cleburne v. Cleburne Living
Ctr.</u>, 473 U.S. 432, 439 (1985) (citing <u>Plyler v. Doe</u>, 457 U.S.
202, 216 (1982)).  To state a claim under the Equal Protection
Clause, a plaintiff must allege that: (1) he is a member of a

6

protected class; and (b) he was treated differently from similarly situated persons.  See id.

Plaintiff has failed to state an equal protection claim. He has satisfied the first requirement by alleging membership in a protected class, but he has not alleged facts that plausibly suggest Detective Parks and Officer Massing discriminated against him.  It is not enough that Defendants are white and Plaintiff is not; Plaintiff must allege facts that tend to show that similarly situated individuals of a different race were treated more favorably than him.

As Plaintiff may be able to allege facts that would state an equal protection claim, Plaintiff may move to amend his claim in a third amended complaint.

2.   Fabrication of Evidence

Plaintiff has also failed to state a claim based on the fabrication of evidence.  To sufficiently plead this claim, Plaintiff must set forth enough facts for the Court to plausibly infer that "there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted."  Halsey v. Pfeiffer, 750 F.3d 273, 294 (3d Cir. 2014).  "[F]abrication claims must draw a meaningful connection between [plaintiffs'] conviction and the use of fabricated evidence against them."  Id. at 294 n.19.  Plaintiff has not been tried or convicted at this point in time.  Therefore, it is

too early for Plaintiff to raise this claim.  The claim is dismissed.

    3.   <u>DNA Swab</u>

    Petitioner argues his right to counsel was violated when Officer Massing took his DNA swab.  The Sixth Amendment right to counsel "exists to protect the accused during trial-type confrontations with the prosecutor."  <u>United States v. Gouveia</u>, 467 U.S. 180, 190 (1984).  The Supreme Court "ha[s] long recognized that the right to counsel attaches only at or after the initiation of adversary judicial proceedings against the defendant," <u>id.</u> at 187, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment," <u>Kirby v. Illinois</u>, 406 U.S. 682, 688–89 (1972) (plurality opinion).  "[B]efore proceedings are initiated a suspect in a criminal investigation has no constitutional right to the assistance of counsel."  <u>Davis v. United States</u>, 512 U.S. 452, 457 (1994); <u>James v. York Cty. Police Dep't</u>, 160 F. App'x 126, 132 (3d Cir. 2005).

    Plaintiff states the alleged violations took place when Officer Massing collected his DNA in February 2019.  There is no indication that Plaintiff was under arrest at the time of the DNA collection or that formal proceedings against him had otherwise been initiated.  Therefore, his right to counsel had

not attached yet, and the Sixth Amendment claim is dismissed without prejudice.

Plaintiff also alleges the DNA collection took place without a warrant. "Taking a DNA sample is a search under the Fourth Amendment." United States v. Martinez, 982 F. Supp. 2d 421, 430 (E.D. Pa. 2013). Based on Plaintiff's allegation that there was no warrant at the time of the swab and giving Plaintiff the benefit of all reasonable inferences, the Court will permit his claim for a warrantless search to proceed.

4.   Extradition Bond Hearing

Plaintiff states Officer Massing "deprived Bango of his right to obtain a bond in New Jersey before an extradition Judge, that stated Bango failed to appear in court." ECF No. 13 at 26.

The Extradition Clause of the U.S. Constitution requires that "[a] person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." U.S. Cont. art. IV, § 2, cl. 2. "The Extradition Clause was intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed." Michigan v. Doran, 439 U.S. 282, 287 (1978).

9

"Interstate extradition was intended to be a summary and mandatory executive proceeding . . . ." Id. at 288.  Congress set forth the procedures to carry out the extradition process in the Extradition Act.  18 U.S.C. § 3182.  Under the Extradition Act, "when the executive authority of one state demands of the executive authority of another state a person as a fugitive from justice, and produces an indictment or affidavit made before a magistrate which charges the person with a crime, the executive authority of the asylum state is required to arrest the fugitive, notify the demanding state, and confine the fugitive for a minimum of 30 days."  Soto v. Bartkowski, No. 11-3631, 2014 WL 4854605, at *4 (D.N.J. Sept. 30, 2014).  New Jersey and Florida have implemented these procedures through their adoption of the Uniform Criminal Extradition Law, N.J.S.A. § 2A:160-9, et seq.; Fla. Stat. Ann. § 941.01, et seq.  "Thus the Uniform Act carries with it the preemptive lineage of the United States Constitution and a Congressional enactment."  State v. Morel, 602 A.2d 285, 287 (N.J. Super. Ct. App. Div. 1992).

Plaintiff alleges Officer Massing denied him his right to a bond from the Extradition Judge.  The Extradition Act does not contain a right to a bond.  See also U.S. ex rel. Little v. Ciuros, 452 F. Supp. 388, 391 (S.D.N.Y. 1978) (finding that Constitution does not "mandate[] a state having custody of a fugitive to grant bail").  Under the Uniform Act, a prisoner has

10

the right to appear before a criminal court judge wherein he
must be informed of his right to counsel and the ability to
contest the legality of his arrest.  N.J.S.A. § 2A:160-18.  The
judge may grant bail in certain circumstances:

> Unless the offense with which the prisoner is charged is
> shown to be an offense punishable by death or life
> imprisonment under the laws of the state in which it was
> committed, a judge or magistrate in this state may admit
> the person arrested to bail by bond or undertaking, with
> sufficient sureties, and in such sum as he deems proper,
> conditioned for his appearance before him at a time
> specified in such bond or undertaking, and for his
> surrender, to be arrested upon the warrant of the
> governor of this state.

N.J.S.A. § 2A:160-24.  Assuming that the Florida sexual assault
crime with which Plaintiff is charged is not punishable by death
or life imprisonment,[1] Plaintiff was eligible for bail; however,
the Extradition Judge was not required to grant him bail under
the statute.

The New Jersey Constitution does provide a right to bail,
and a state-created liberty interest may be sufficient to
trigger substantive due process protection.  Steele v. Cicchi,
855 F.3d 494, 502 (3d Cir. 2017).  However, Plaintiff has not
provided enough information about the bail proceedings for the

---

[1] Plaintiff's application for a preliminary injunction, discussed
infra, states he is "facing a life felony . . . ."  ECF No. 4 at
1.  If Plaintiff could be sentenced to life imprisonment if
convicted of the sexual battery charge, he is not eligible for
bail under the Uniform Criminal Extradition Act.  N.J.S.A. §
2A:160-24.  The Court will grant the Plaintiff the benefit of
the doubt in screening this claim.

Court to determine whether Officer Massing's conduct "shocks the
conscience."  <u>Id.</u>  This claim will be dismissed without
prejudice as Plaintiff may be able to allege enough facts to
state a substantive due process claim.

    5.  <u>Conditions of Transportation</u>

    Plaintiff's final allegation is that the conditions of his
transportation from New Jersey to Florida violated his Eighth
Amendment rights.  As Plaintiff is a pre-trial detainee, this
claim would fall under the Fourteenth Amendment's Due Process
Clause.

    The Court dismisses this claim without prejudice.  "[U]nder
the Due Process Clause, a detainee may not be punished prior to
an adjudication of guilt in accordance with due process of law."
<u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979).  The due process
analysis requires courts to consider whether the totality of the
conditions "cause [pre-trial detainees] to endure such genuine
privations and hardship over an extended period of time, that
the adverse conditions become excessive in relation to the
purposes assigned to them."  <u>Hubbard v. Taylor</u>, 538 F.3d 229,
233 (3d Cir. 2008) (internal quotation marks omitted).
Plaintiff's only statement about this allegation is that he
experienced "cruel and unusual punishment . . . having been
extradited to Florida in chain.  Ate food in chain.  Urinated in
chain."  ECF No. 13 at 26.  There is not enough information for

the Court to reasonably infer that Officer Massing was
personally involved in creating unconstitutional conditions of
confinement under the Fourteenth Amendment.   Therefore, the
Court will dismiss this claim without prejudice.

C.   Application for Preliminary Injunction

     Plaintiff has also filed an application for a preliminary
injunction asking the Court to order Officer Massing to send
Plaintiff, who is representing himself in his criminal case,
copies of the video taken during his registration on February 16
or 18, 2019 and the video from October 15, 2018, wherein Officer
Massing allegedly fabricated the search warrant application.
ECF Nos. 4 & 6.[2]

     "A preliminary injunction 'is an extraordinary remedy ...
which should be granted only in limited circumstances.'"
Holland v. Rosen, 895 F.3d 272, 285 (3d Cir.) (quoting Am. Tel.
& Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421,
1426-27 (3d Cir. 1994) (omission in original)), cert. denied,
139 S. Ct. 440 (2018).   To obtain preliminary injunctive relief,
the moving party must demonstrate: (1) a reasonable likelihood
of success on the merits; (2) irreparable injury if the
requested relief is not granted; (3) the granting of preliminary

---

[2] The two applications for a preliminary injunction are the same.
For ease of reference, the Court will cite to the first filed
application.

injunction will not result in greater harm to the non-moving party; and (4) the public interest weighs in favor of granting the injunction.  Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017), as amended (June 26, 2017).

"The first two factors are prerequisites for a movant to prevail." Holland, 895 F.3d at 286.  "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." Reilly, 858 F.3d at 176.

The sole matter before this Court is whether Officer Massing conducted an unreasonable, warrantless search when taking Plaintiff's DNA.  The Court has conducted its review of the second amended complaint under 28 U.S.C. § 1915A and permitted this claim to proceed, so there is at least some merit to this claim.  However, Plaintiff has not shown he will be irreparably harmed if this Court does not enter a preliminary injunction at this time.

"[C]ourts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Younger v. Harris, 401 U.S. 37, 43–44 (1971).  "Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels restraint against the issuance

14

of injunctions against state officers engaged in the
administration of the State's criminal laws in the absence of a
showing of irreparable injury which is 'both great and
immediate.'"  O'Shea v. Littleton, 414 U.S. 488, 499 (1974)
(quoting Younger, 401 U.S. at 46)).  "Certain types of injury,
in particular, the cost, anxiety, and inconvenience of having to
defend against a single criminal prosecution, could not by
themselves be considered 'irreparable' in the special legal
sense of that term."  Younger, 401 U.S. at 46.

There is a process for obtaining discovery in a civil suit,
see generally Fed. R. Civ. P. 26, and Plaintiff has not shown
that this normal discovery process would be insufficient to
obtain the requested videos.  Therefore, he has not demonstrated
a likelihood of irreparable harm if the Court does not issue a
preliminary injunction at this time.

Although Plaintiff does not meet the threshold requirements
to issue a preliminary injunction, the Court also notes that the
public interest against federal interference with state criminal
prosecutions cautions against issuing one.  Plaintiff indicates
the Florida state courts have denied this discovery.  The
federal courts are not "pre-trial motion forum[s] for state
prisoners[.]"  Braden v. 30th Judicial Circuit Court of
Kentucky, 410 U.S. 484, 493 (1973).  The Court will not
interfere with another state's criminal proceedings by way of

15

preliminary injunction, as to do so would open the floodgates to
pre-trial litigation in the federal courts for every unfavorable
state court decision.  See O'Shea, 414 U.S. at 500 ("This seems
to us nothing less than an ongoing federal audit of state
criminal proceedings which would indirectly accomplish the kind
of interference that Younger . . . sought to prevent.").
Plaintiff's request for a preliminary injunction will be denied.

D.    Emergency Motion for Release

      Plaintiff also seeks an order from this Court requiring
Florida to release him back to New Jersey on bond or house
arrest.  ECF No. 14.

      This request is improper in a civil rights action as it
should be filed as a habeas corpus action under 28 U.S.C. § 2241
in the Southern District of Florida; the District of New Jersey
lacks territorial jurisdiction over the person holding Plaintiff
in custody.[3]  Plaintiff's emergency motion to be released will be
denied.

IV.  CONCLUSION

      For the reasons stated above, the Court will grant
Plaintiff's motion to amend, ECF No. 13.  The Clerk will be

---

[3] Plaintiff filed a petition for writ of habeas corpus in this
Court, Bango v. State of Florida, No. 20-14978 (D.N.J. Oct. 26,
2020) (ECF No. 1).  The Court transferred the petition to the
Southern District of Florida because it lacked jurisdiction over
the petition.  Bango, No. 20-14978 (Oct. 27, 2020) (ECF No. 2).

directed to file the second amended complaint.  The second amended complaint shall proceed only on Plaintiff's claim against Officer Massing for a warrantless DNA swab.  The remainder of the claims, including all claims against Detective Parks, will be dismissed without prejudice.  The motions for a preliminary injunction and for emergency release will be denied.

An appropriate order follows.


Dated: November 10, 2020          __s/ Noel L. Hillman  __
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.